UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:
10-61207-CIV-MORENO

CHARLES D. FRANKEN, *et al.*

    Appellants,

vs.

BARRY E. MUKAMAL, TRUSTEE,

    Appellee.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER DATED SEPEMBER 11, 2009

At issue in this appeal is whether the Bankruptcy Court erred when it imposed sanctions against attorney Charles D. Franken. Appellant contends the Bankruptcy Court abused its discretion in imposing sanctions, and abused its discretion in determining the amount of sanctions. Because the Court agrees Mr. Franken's behavior in the bankruptcy litigation was sanctionable and the sanctions reasonable, the Court affirms the Order.

### I. BACKGROUND

Mr. Franken, a bankruptcy attorney, was counsel for a debtor undergoing Chapter 11, and then Chapter 7 bankruptcy. The Bankruptcy Court, at a hearing on July 31, 2008, authorized the retention of Mr. Franken as bankruptcy counsel for the debtor on an interim basis. The Court detailed its reasons for the decision as well as its reservations about Mr. Franken in its order granting Mr. Franken's application for employment as counsel for the debtor. *Order Granting Application to Employ Counsel on an Interim Basis* (Bankr. Ct. D.E. No. 70, Aug. 28, 2008).

The same order details how Mr. Franken also worked as counsel for Mr. Peter Letterese, the sole shareholder of the debtor in question. Mr. Letterese had wage claims against the debtor. In addition, Mr. Franken previously represented the debtor in a suit naming numerous judges from Florida's and California's state courts, as well as clerks in courts of appeal in Florida and California. Mr. Franken also represented the debtor in a copyright action against the Church of Scientology.

On July 1, 2008, Mr. Franken filed an application to be employed as general counsel for the debtor. *Debtor in Possession Application for Employment* (Bankr. Ct. D.E. No. 7, July 1, 2008). Mr. Franken attached to his application for employment an affidavit assuring the Bankruptcy Court that neither he nor his firm represented interests adverse to the debtor's estate, to any of the creditors, or any employees of the United States Trustee.

Later that month, on July 25, 2008, Mr. Franken filed an amended application for employment, to which he attached an affidavit that disclosed his involvement in the individual Chapter 13 bankruptcy case of Mr. Letterese, the debtor's principal. *Debtor in Possession Supplemental Application for Employment* (Bankr. Ct. D.E. No. 32 at ¶5, July 25, 2008). In the same affidavit, Mr. Franken disclosed that an entity named MGSI had agreed to pay the debtor's legal fees in some of the debtor's still ongoing litigation. *Id.*, at ¶6. Mr. Franken assured the bankruptcy court in his affidavit that MGSI was a creditor of neither the debtor nor the debtor's principal, Peter Letterese. *Id.* at ¶8. He also assured the court that MGSI's funding of the debtor's litigation was not a loan. *Id.* at ¶9.

On August 26, 2008, Mr. Franken filed a notice to the Bankruptcy Court of his intention to represent Mr. Letterese and the debtor as a plaintiff in a racketeering case where MGSI named as defendants Google, Yahoo and Tom Cruise among others. In his notice, Mr. Franken indicated that

MGSI INC. was joining a proceeding by Creative Desperations, Inc. and Peter Letterese against the Church of Scientology. *Plaintiff's Notice of Joinder of Plaintiff MGSI, Inc. as Plaintiff* (Bankr. D.E. No. 65).

On August 28, 2008, the Bankruptcy Court granted Mr. Franken's employment as attorney for the debtor, but on a strictly limited basis. *Order Granting Application to Employ Counsel on an Interim Basis* (Bankr. Ct. D.E. No. 70, Aug. 28, 2008). In that order, the Bankruptcy Court detailed Mr. Franken's conflicts of interests as well as Mr. Franken's failure to disclose his representation of parties adverse to the debtor. The Court ordered, "[n]otwithstanding these apparent gross violations of the disclosure requirements of Bankruptcy Rule 2014 and the disinterestedness requirements of 11 U.S.C. § 327, I will permit Mr. Franken to act as counsel for the Debtor in this case, on an interim basis, consistent with my prior ruling at the hearing on July 31, 2008. Mr. Franken's authority is limited to the representation of this Debtor in this Court, and will terminate on September 8, 2008. . . . I permit Mr. Franken to act for the Debtor on this limited basis solely because of the requirements of Local Rule 9010-1 and the long-standing requirement that corporations may only appear in federal courts through authorized counsel." *Order Granting Application to Employ Counsel on an Interim Basis* (Bankr. Ct. D.E. No.70, Aug. 28, 2008).

Counsel for the Chapter 7 Trustee filed a motion for sanctions and contempt against Mr. Franken on November 4, 2008. Thereafter, on November 5, 2008, Mr. Franken filed a notice with the Bankruptcy Court detailing a purported transfer of the debtor's intellectual property rights to MGSI that occurred in January 2006. *Restatement Memorandum of Terms of January 2006 Assignment* (Bankr. Ct. D.E. No.150, Nov. 5, 2008).

The Bankruptcy Court granted the motion for sanctions and contempt on September 11, 2009.

*In re Creative Desperation, Inc.* 415 B.R. 882 (Bankr. S.D. Fla.2009). In that order, the Bankruptcy Court issued the following rulings:

(1)     Denied Mr. Franken's fee application;

(2)     Ordered Mr. Franken to disgorge all fees paid to him on behalf of the Debtor;

(3)     Ordered Mr. Franken not to represent any party in interest in connection with the debtor's bankruptcy case;

(4)     Granted a monetary award of sanctions against Mr. Franken in the amount of $92,514, representing reasonable attorney's fees incurred by the estate as a result of frivolous or otherwise sanctionable pleadings that Mr. Franken filed;

(5)     Awarded additional fees in favor of the Trustee incurred in connection with prosecuting the Motion for Sanctions; and

(6)     Suspending Mr. Franken from the practice of law in the United States Bankruptcy Court,

Mr. Franken appeals the Bankruptcy Court's Order sanctioning him.

## II. LEGAL STANDARD

"[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Where a bankruptcy court is imposing sanctions on an attorney, the standard of review is whether the bankruptcy court's decision was clearly erroneous. *In re Grand Hotel Ltd. P'ship*, 121 B.R. 657, 659 (S.D. Fla. 1990). An appellate court must uphold a bankruptcy court's decision that falls within the broad range of permissible conclusions. *Id.*

## III. LEGAL ANALYSIS

### A. Imposition of Sanctions

Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. *In re Evergreen Security, Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). The Bankruptcy Court relied on its inherent power to levy sanctions in this case. *In re Creative Desperation, Inc.*, 415 B.R. at 895. To be sure, "[e]ven absent explicit legislative enactment, deeply rooted in the common law tradition is the power of any court . . . to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Carlucci v. Piper Aircraft Crop.*, 775 F.2d 1440, 1447 (11th Cir.1985).

The Bankruptcy Court in this case found various instances of dubious conduct. The Bankruptcy Code, 11 U.S.C. § 327(a) and 328 (c), create an ongoing duty for professionals hired by an estate to avoid conflicts of interest. To implement these provisions, Bankruptcy Rule 2014 requires attorneys seeking to represent a party to provide the court with an application and affidavit that states the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants. Fed. R. Bankr. P. 2014.

Mr. Franken failed to disclose his relationship with MGSI, a party which he either knew or should have known had material interests adverse to those Mr. Franken's other client, the debtor. To boot, Mr. Franken's affidavit provided that he did not represent any client with interests adverse to the debtor's despite his relationship with MGSI. Mr. Franken also caused the debtor to file Schedules and a Statement of Affairs, which falsely represented the debtor was the sole owner of the claims set forth in the copyright action. In addition, Mr. Franken conducted no investigation to determine

whether there was adequate consideration for the purported transfer of interest in the copyright action from the debtor to MGSI. *In re Creative Desperation, Inc.*, 415 B.R. at 890. To make matters worse, Mr. Franken also failed to conduct any factual due diligence prior to filing a suit against the Bankruptcy Judge, the Trustee, and the Trustee's counsel alleging a vast racketeering conspiracy with the Church of Scientology. *Id.*, 415 B.R. at 891 (citing *Barton v. Barbour*, 104 U.S. 126 (1881) (holding that suit may not be filed against a Trustee or the Trustee's counsel without first seeking leave of court)).

This Court is charged with ensuring the bankruptcy judge did not abuse his discretion. *In re Grand Hotel Ltd. Partnership*, 121 B.R. at 659. Given the myriad of findings that demonstrate reckless conduct on the part of Mr. Franken, this Court finds that the Bankruptcy Court acted within the scope of his discretion in granting the Trustee's motion for sanctions and contempt.

### *B. Amount of Sanctions*

The Appellants also argue the Bankruptcy Court abused its discretion in determining the amount of sanctions. Bankruptcy courts have broad and inherent authority to deny any and all compensation when an attorney fails to comply with the provisions of the Bankruptcy Code. *Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). Disgorgement of fees received is the expected and proper remedy to be applied when a debtor's attorney has failed to comply with Bankruptcy Rules and statutes. *Matter of Prudhomme*, 43 F.3d 1000, 1003 (5th Cir. 1995). The Eleventh Circuit has found that a bankruptcy court can disallow and the court may order return of fees already paid if a professional hired under § 327 is no longer disinterested. *In re Jennings*, 199 Fed. Appx. 845 (11th Cir. 2006).

The record is replete with examples that Mr. Franken was not disinterested at the time he was employed to represent the debtor. The Bankruptcy Court's award of monetary sanctions against Mr. Franken in the amount of $92,514 are certainly not "clearly erroneous" and it was proper to award Mr. Franken to disgorge all fees paid to him in the bankruptcy proceeding. This Court finds the Bankruptcy Court acted within the scope of its discretion in determining the amount of sanctions to be imposed. Accordingly, the Court affirms in full the decision of the Bankruptcy Court dated September 11, 2009.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of January, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record